**Patrick W. SHARKEY, Plaintiff,**

v.

**SECURITY BANK & TRUST CO., Defendant.**

**Civ. No. 3–86–969.**

United States District Court, D. Minnesota, Third Division.

Jan. 16, 1987.

David J. Hoiland, Minneapolis, Minn., for plaintiff.

Phillip R. Krass, Krass, Meyer & Walsten, Shakopee, Minn., for defendant.

DEVITT, District Judge.

Defendant's motion for summary judgment as well as plaintiff's cross-motion for summary judgment were heard on January 12, 1987.

Plaintiff alleges, and defendant admits, that defendant required plaintiff to purchase Duluth real estate from defendant as a condition to obtaining from defendant a loan to finance plaintiff's mortgage of real estate in New Prague. Plaintiff argues that, based on this fact, he is entitled to summary judgment. Defendant argues that it is entitled to summary judgment because plaintiff is unable to prove that the admitted financing arrangement was anti-competitive in nature. The issue, then, is whether plaintiff has made a claim under the anti-tying statute, 12 U.S.C. Sec. 1972, by showing the existence of a tying arrangement but without showing that such arrangement was anti-competitive in nature.

Sec. 1972, in pertinent part, provides that "[a] bank shall not *in any manner* extend credit . . . on the condition or requirement —(A) that the customer shall obtain some additional . . . property . . . from such bank other than a loan, discount, deposit, or trust service. . . ." (Emphasis added.) A plain reading of section 1971 would indicate that defendant's admitted tying arrangement is, *per se*, a violation of the statute.

The legislative history and cases construing the statute further support this interpretation that a tying arrangement constitutes a *per se* violation of section 1972 without proof of anti-competitive effects: "[T]ying arrangements involving a bank are made unlawful by this section without any showing of specific adverse effects on competition or other restraints of trade and without any showing of some degree of bank dominance or control over the tying product or service. . . . [and] regardless of the amount of commerce involved." S.Rep. No. 91–1084, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Admin.News 5519, 5558 (Supplementary Views of Edward W. Brooks); *see Costner v. Blount Nat'l Bank of Maryville, Tenn.,* 578 F.2d 1192, 1196 (6th Cir.); *Parsons Steel, Inc. v. First Alabama Bank of Montgomery, N.A.,* 679 F.2d 242, 245 (11th Cir.1982); *Nordic Bank PLC v. Trend Group, Ltd.,* 619 F.Supp. 542, 556 n. 9 (S.D.N.Y.1985); *cf. Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 443 (5th Cir.1986).

Thus, under section 1972, a successful plaintiff need only show that a bank (1) extended credit; (2) on the condition or requirement; (3) that the plaintiff obtain some additional property, other than a loan, discount, deposit, or trust service, from the bank; the plaintiff need not make any showing of anti-competitive effects.

There is no genuine issue of material fact pertaining to defendant's liability to

plaintiff under section 1972. In its affidavit supporting its motion for summary judgment, defendant conceded that plaintiff, as a condition for obtaining a loan from defendant, was required to purchase real estate from defendant. The issue of damages, however, was not briefed or argued by the parties.

This case and another instituted by Robert and Marlene Fritz against defendant have common issues of fact and are appropriate for consolidation pursuant to Federal Rules of Civil Procedure 42(a).

Based on the foregoing, oral argument, submitted memoranda, and all files, records and proceedings herein,

IT IS ORDERED that:

1. Defendant's motion for summary judgment is denied.

2. Plaintiff's cross-motion for summary judgment is granted on the issue of liability under section 1972.

3. This action is consolidated with *Fritz v. Security Bank & Trust Co.*, No. Civ. 6–85–1438 (D.Minn. Nov. 3, 1986) for further disposition of the remaining issues.